IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

PREM SALES, LTD.,                              )
                                               )
                    Plaintiff,                 )
                                               )
v.                                             )
                                               )
SANYO ELECTRIC CO., LTD.,                      )
                                               )
                    Defendant.                 )    Civil Action No. 5:11-CV-136-C

## **ORDER**

On this date, the Court considered

(1)    Plaintiff Prem Sales, Ltd.'s ("Plaintiff") Motion to Remand, Brief, and Appendix,

       filed August 31, 2011;

(2)    Plaintiff's Amended Motion to Remand, Brief, and Appendix, filed September 17,

       2011;

(3)    Defendant SANYO Electric Co., Ltd.'s ("Defendant" or "SANYO") Response,

       Brief, and Appendix, filed September 21, 2011;

(4)    Defendant SANYO's Motion to Strike Plaintiff's Amended Motion to Remand

       and Brief, filed September 21, 2011;

(5)    Plaintiff's Response, filed September 23, 2011;

(6)    Plaintiff's Notice of Voluntary Dismissal, filed August 29, 2011;

(7)    Defendants SANYO Electric Service Co., Ltd. and SANYO's Motion to Dismiss

       or Quash Service of Plaintiff's Complaint, Brief, and Appendix, filed August 8,

       2011;

(8)     Plaintiff's Response and Brief, filed August 29, 2011;

(9)     Plaintiff's Amended Response and Brief, filed September 12, 2011;

(10)    Defendant SANYO's Motion to Strike Plaintiff's Amended Response and Brief,

filed September 21, 2011;

(11)    Plaintiff's Response and Brief, filed October 5, 2011; and

(12)    Defendant SANYO Asia Pte., Ltd.'s Motion for Order to Quash Service and/or

Dismiss or, in the Alternative, to Compel Arbitration and Dismiss or Stay All

Claims, Brief, and Appendix, filed August 8, 2011.[1]

After considering the relevant arguments and authorities, the Court **DENIES** Plaintiff's Motion

to Remand, **GRANTS** Defendant's Motion to Strike Plaintiff's Amended Motion to Remand,

**STRIKES** Plaintiff's Amended Motion to Remand, **GRANTS** Plaintiff's [Motion for]

Voluntary Dismissal, **GRANTS** Defendants' Motion to Quash Service, **DENIES** Defendants'

Motion to Dismiss, **GRANTS** Defendant's Motion to Strike Plaintiff's Amended Response, and

**DENIES** as moot Defendant SANYO Asia Pte, Ltd.'s Motion for Order to Quash Service and/or

Dismiss or, in the Alternative, to Compel Arbitration and Dismiss.

## I.  BACKGROUND

Plaintiff originally filed this case in the 72nd Judicial District Court of Lubbock County,

Texas, against Defendants SANYO Electric Air Conditioning Co., Ltd. ("SEAC"), SANYO Air

Conditioners Manufacturing, Singapore, Pte., Ltd. ("SAMS"), SANYO Electric Co., Ltd.

("SANYO"), and "Business Entity Does 1-10" for claims of civil theft and fraudulent

---

[1]The Court considered no replies because they were not filed with leave of court. *See* Judge Specific Requirements for District Judge Sam R. Cummings, ¶ II.B, available at http://www.txnd.uscourts.gov/judges/scummings_req.html.

inducement and for declaratory relief.  Defendants removed to this Court pursuant to 28 U.S.C.
§ 1446 and 9 U.S.C. § 205.

Plaintiff is a Texas legal entity.  SEAC is a business entity formed under the laws of
Japan.  SAMS is a business entity formed under the laws of Japan, now allegedly owned by
Panasonic Corporation, another non-U.S. entity.  SANYO is also a business entity formed under
the laws of Japan, now allegedly owned by Panasonic Corporation.  As discussed in more detail
below, Plaintiff disputes SANYO's citizenship for diversity purposes.  The amount in
controversy exceeds $75,000.

## II.  STANDARDS

### A.  Removal and Remand

A defendant may remove "any civil action brought in State court of which the district
courts of the United States have original jurisdiction . . . to the district court of the United States
for the district and division embracing the place where such action is pending."  28 U.S.C.
§ 1441(a).  The defendant must file its notice of removal within thirty days of receipt of a copy
of the initial pleading, or within thirty days of the service of summons, whichever is shorter.
28 U.S.C. § 1446(b).  Following removal, a court may remand a case on the basis of a defect in
the removal procedure or on the basis of the lack of jurisdiction.  28 U.S.C. § 1447.  The party
removing a case to federal court has the burden to show that jurisdiction exists.  *B., Inc. v. Miller
Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

### B.  Rule 12(b)(5) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) turns on the
legal sufficiency of the service of process.  Fed. R. Civ. P. 12(b)(5).  The party making service

has the burden of demonstrating its validity when an objection to service is made.  *Carimi v.*

*Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

### III.  DISCUSSION

#### A.  *Motion to Remand*

1.  No Procedural Error

Plaintiff first argues that this case should be remanded due to procedural defects in the

removal process.  It maintains that Defendants failed both to electrically file the notice of

removal and to serve the notice on Plaintiff's counsel.  Plaintiff also accuses Defendants of

failing to file a copy of the notice of removal with the clerk of the state court from which the

case was removed.  The Court is of the opinion that, based on the evidence and argument

contained in Defendants' response, Defendants committed no procedural error in the removal of

this case.

2.  This Court Has Original Jurisdiction

Plaintiff next argues that remand is necessary because the Court lacks subject matter

jurisdiction over the case.  Defendants removed this case to federal court on the basis of diversity

jurisdiction and pursuant to the removal provisions set out in the Federal Arbitration Act

("FAA"), 9 U.S.C. § 205.  As to the diversity issue, it is undisputed that the amount in

controversy exceeds $75,000, Plaintiff is a Texas citizen, and SANYO is incorporated in Japan.

SANYO maintains that its principal place of business is in Osaka, Japan.  Plaintiff, however,

contends that SANYO is a citizen of Texas because Sanyo Energy, which is allegedly SANYO's

alter-ego subsidiary, has its principal place of business in Frisco, Texas.  As Plaintiff argues, the

fact of the alter-ego relationship imputes Sanyo Energy's principal place of business to SANYO, thereby destroying diversity.

SANYO presents uncontroverted evidence that Sanyo Energy was merged with SANYO North America in 2009.  SANYO North America is incorporated in Delaware and is headquartered in California.  Plaintiff does not allege that either Sanyo Energy or SANYO North America has any involvement in this case.  Therefore, without discounting any of Defendants' many other arguments on this matter, the citizenship of SANYO North America and Sanyo Energy cannot be imputed to SANYO because Plaintiff does not allege that any of its claims arise from the actions of either of the supposed alter egos.  *McCabe v. Henpil, Inc.*, 889 F. Supp. 983, 994 (E.D. Tex. 1995) (citing *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 290-91 (5th Cir. 1989)) ("An alter ego's citizenship should be imputed only when the claim arises from the alter ego's actions.").  As such, complete diversity exists between Plaintiff and Defendants, and Plaintiff's motion to remand is **DENIED**.[2]

Because the Court finds that it has subject matter jurisdiction based on diversity of citizenship, it need not reach Plaintiff's argument regarding the provisions of the FAA. Additionally, Defendants' motion to strike Plaintiff's amended motion to remand is **GRANTED** because Plaintiff's amended motion was filed without leave of court.[3]

---

[2]Plaintiff also makes an argument that this Court should remand based on the statutory factors set out in 28 U.S.C. § 1367(c), as well as common-law factors of judicial economy, convenience, fairness, and comity.  These factors are for the Court to weigh when considering whether or not to exercise supplemental jurisdiction.  For the reasons stated above, this Court has original jurisdiction to entertain Plaintiff's claims.  Therefore, Plaintiff's argument is inapplicable.

[3]Moreover, the only additional argument contained in Plaintiff's amended motion that is absent from its original motion concerns the effect of the FAA removal provisions.  Because the

**B.** *Notice of Dismissal*

In its Notice of Dismissal, filed pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(i), Plaintiff dismissed without prejudice Defendants SAMS, SEAC, and SANYO-

Asia Pte., Ltd. (which was formerly SAMS before a 2009 merger).  Also, Defendants aver that

the entity formally known as SEAC is now SANYO Denki Service, K.K., a/k/a SANYO Electric

Service Co., Ltd., ("SANYO Electric"), which is also dismissed.  SANYO, however, is not

dismissed via the notice.

**C.** *Motions to Dismiss or Quash Service*

Defendants SANYO and SANYO Electric jointly filed a motion to dismiss or quash

service of Plaintiff's complaint.  As mentioned above, Plaintiff has dismissed SANYO Electric

from this action.  Therefore, SANYO is the only movant still a party to this case.

SANYO maintains that it has not been properly served in this action as required by

Federal Rules of Civil Procedure 4(a) and 4(c) and Texas Rules of Civil Procedure 99(b), 106,

107, and 108(a).  Plaintiff has only attempted to serve SANYO by substitute service through the

Texas Secretary of State.  SANYO received a copy of the complaint from the Texas Secretary of

State on July 18, 2011.  Despite Plaintiff's attempt, SANYO claims that, as a corporation located

in Japan, it was not served in accordance with the Hague Service Convention.

The Hague Service Convention facilitates service of process abroad by ensuring that

defendants sued in foreign jurisdictions receive actual and timely notice of suit.

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).  The Hague Service

---

Court did not reach Plaintiff's FAA argument, its amended motion adds nothing for the Court to
consider.

6

Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Id.* (citing Hague Service Convention, 20 U.S.T. 361, art. 2). "Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester compatible with that law." *Id.* at 699.

Japan and the United States are both signatories to the Hague Service Convention. Accordingly, SANYO must be served under the Hague Service Convention, which requires that documents be served on Japanese defendants by forwarding the complaint along with a translation of said complaint to the Japanese Ministry of Foreign Affairs.  Hague Service Convention, 20 U.S.T. 361, arts. 2-6.  Although Texas law permits the Texas Secretary of State to effectuate substituted service of process on a non-resident defendant by sending notice of service via certified or registered mail, Tex. Civ. Prac. & Rem. Code § 17.045(d), state law must yield when it is inconsistent with an international treaty. *United States v. Pink*, 315 U.S. 203, 230-31 (1942).  Accordingly, the Fifth Circuit has held that the Hague Service Convention "does not permit service by mail" on foreign defendants located in countries governed by the Hague Convention; because the Hague Service Convention preempts inconsistent methods of service that may be permitted under state law, substituted service by the Texas Secretary of State is insufficient for a defendant who is entitled to be served under the Convention. *Nuovo Pignone, SPA v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002).

Plaintiff's attempt to serve SANYO via the Texas Secretary of State, coupled with the fact that Plaintiff failed to provide a translation of the complaint and accompanying documents in violation of the Convention, renders the attempted service of process ineffective.  Therefore,

SANYO's motion to quash Plaintiff's attempted service efforts via the Texas Secretary of State

is **GRANTED**.  SANYO's motion to dismiss pursuant to Rule 12(b)(5), however, is **DENIED**.

SANYO received actual notice of this action soon after it was filed, and it has not argued that

late service would be futile or would impose on it any prejudice or undue hardship.  Therefore,

in the exercise of its discretion, the Court extends the time for Plaintiff to effect proper service of

process on SANYO.  *See Nuovo Pignone*, 310 F.3d at 385 (allowing plaintiff who failed to effect

service of process in accordance with requirements of the Hague Service Convention reasonable

time to effect service properly).  Additionally, SANYO's motion to strike Plaintiff's amended

response is **GRANTED** because Plaintiff's amended response was filed without leave of court.

Finally, Defendant SANYO Asia Pte., Ltd. filed its motion to quash service and/or

dismiss, or in the alternative, to compel arbitration and dismiss or stay all claims on August 8,

2011.  As mentioned above, Plaintiff voluntarily dismissed this party on August 29, 2011.

Therefore, the motion is **DENIED** as moot.

## IV.  CONCLUSION

For the reasons stated herein,

(1)      Plaintiff's Motion to Remand is **DENIED**;

(2)      Defendant's Motion to Strike Plaintiff's Amended Motion to Remand is

         **GRANTED**;

(3)      Plaintiff's Amended Motion to Remand is **STRICKEN**;

(4)      Defendants SANYO Electric Air Conditioning Co., Ltd.; SANYO Air

         Conditioners Manufacturing, Singapore, Pte., Ltd.; SANYO-Asia Pte.,

8

Ltd.; and SANYO Denki Service, K.K., a/k/a SANYO Electric Service Co., Ltd. are **DISMISSED** without prejudice;

(5)     Defendant SANYO Asia Pte., Ltd.'s Motion to Quash Service and/or Dismiss or, in the Alternative, to Compel Arbitration and Dismiss or Stay All Claims is **DENIED** as moot;

(6)     Defendant SANYO Electric Co., Ltd.'s Motion to Strike Plaintiff's Amended Response is **GRANTED** and Plaintiff's Response filed September 12, 2011, is **STRICKEN**;

(7)     Defendant SANYO Electric Co., Ltd.'s Motion to Quash Service is **GRANTED**;

(8)     Defendant SANYO Electric Co., Ltd.'s Motion to Dismiss is **DENIED**; and

(9)     Plaintiff shall effect proper service of process within 21 days of the date of this Order or this cause will be dismissed.

SO ORDERED.

Dated November 23, 2011.


_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

9